HON. DAVID NORIEGA RODRÍGUEZ, demandante y apelado, v. HON. RAFAEL HERNÁNDEZ COLÓN y OTROS, demandados y apelantes; GRACIANY MIRANDA MARCHAND, demandante y apelado, v. CARLOS LÓPEZ FELICIANO y OTROS, demandados y apelados.

*Número:* CE-87-665      *Resuelto:* 10 de febrero de 1988

DECISIÓN del Juez Presidente Señor Pons Núñez referente a Moción sobre Recusación del Juez Presidente.

Mediante opinión *Per Curiam* de 12 de enero de 1988, en la cual este Juez no intervino, el Tribunal nos ha referido para decidir sobre una moción en la que se solicita nuestra inhibición en el caso de epígrafe.

Es de rigor señalar nuestra conformidad con la opinión del tribunal mediante la cual se decide que corresponde al Juez aludido de este Tribunal resolver una solicitud de su inhibición. Ello constituye al día de hoy doctrina final y firme sobre la cuestión. La norma adoptada es sabia y cónsona con la teoría que informa la creación de este Tribunal y la responsabilidad que la Constitución le impone, tanto a la institución como a los jueces que la componen.

A tenor con la opinión aludida procedemos a exponer nuestra decisión.

## I

Ante este Tribunal se presentó un escrito de apelación el 18 de octubre de 1987 para revisar la sentencia dictada por el Tribunal Superior, Sala de San Juan, en los casos CS PE

87-939, *Hon. David Noriega Rodríguez* v. *Hon. Rafael Hernández Colón et al.*, y CS PE 87-981, *Graciany Miranda Marchand* v. *Carlos J. López Feliciano et al.*

El Tribunal, con la participación de todos sus jueces, emitió resolución el 5 de noviembre de 1987 dando curso a la apelación.

El 13 de noviembre de 1987 el demandante y apelado, Representante a la Cámara Hon. David Noriega Rodríguez, presentó una moción titulada *Moción sobre Recusación del Juez Presidente, Honorable Víctor M. Pons Núñez* (en adelante Moción sobre recusación). En la moción en cuestión indica que este Juez ocupó el cargo de Secretario de Estado de Puerto Rico durante 1973 y 1974 bajo la primera administración de gobierno del demandado y apelante, Hon. Rafael Hernández Colón. Además, se alega que "existe una alta probabilidad o al menos se crea una apariencia razonable de que quienes ostentaron el cargo público de Secretario de Estado, incluyendo al Hon. Víctor M. Pons Núñez, tenían o debieron tener conocimiento de los hechos pertinentes a este caso y de los diversos puntos de vista en cuanto a sus méritos tales como: las posibles decisiones e investigaciones dirigidas a corregir o subsanar la referida práctica ilegal y la formulación de una política pública en torno a ella". Moción sobre recusación, pág. 4. Fundamenta esta aseveración en la disposición constitucional referente a que el Secretario de Estado es el sucesor legal del Gobernador en caso de "muerte, renuncia, destitución, incapacidad total y permanente, o por cualquier otra falta absoluta" (Art. IV, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1982, pág. 354) y en que el Secretario de Estado ocupa interinamente el cargo de Gobernador cuando éste esté "temporalmente impedido de ejercer sus funciones . . .". Art. IV, Sec. 8, Const. E.L.A., *supra*. Finalmente señala que el Hon. Rafael Hernández Colón ha declarado públicamente que "como Secretario de Justicia y du-

rante sus distintas incumbencias como Primer Ejecutivo tuvo [él] conocimiento de la práctica ilegal" que resulta ser la base de la acción instada. Moción sobre recusación, *op. cit.* Como señala la opinión de este Tribunal, "[la] moción de inhibición no expresa hecho específico alguno sobre la probabilidad o apariencia alegada ni se acompañan documentos a esos efectos". Tampoco especificó si la práctica a que se refiere la acción tuvo lugar durante 1973 y 1974.

El otro demandante y apelado en el caso, Lcdo. Graciany Miranda Marchand, mediante moción indicó que "no se une ni apoya la moción de inhibición aludida, pues no tiene conocimiento de hecho alguno que justifique la solicitud de inhibición . . .".

## II

El planteamiento de inhibición se hizo ante este Tribunal el 13 de noviembre de 1987. Ya desde el 10 de agosto de 1987 la parte demandada y apelante le había informado al tribunal de instancia y al promovente, en moción de reconsideración, que estaba *"totalmente de acuerdo"* con la declaración contenida en la sentencia del tribunal de instancia, de 31 de julio de 1987, a los efectos de que:

> . . . la práctica de levantar expedientes, carpetas, listas, ficheros, etc., de personas, agrupaciones y organizaciones única y exclusivamente por motivo de las creencias políticas e ideológicas de éstos sin que se tenga evidencia real que vincule a esas personas con la comisión o intento de comisión de delito, es ilegal e inconstitucional por infringir los derechos de libertad de palabra, de asociación y de privacidad y por constituir ello una afrenta a la dignidad del ser humano. Apéndice 5, págs. 98–99.

También en esa moción, de 10 de agosto de 1987, la parte demandada y apelante manifestó estar *"totalmente de acuerdo"* con el *injunction* permanente dictado por el tribunal de instancia, en virtud de dicha sentencia, "para que cesen y

descontin[ú]en la práctica descrita en el párrafo anterior".
Esa posición fue reiterada el 13 de octubre de 1987 por la
parte demandada y apelante cuando al escolio 5, pág. 3, de su
*Escrito de Apelación o Petición de Revisión*, notificado al
aquí promovente, indica *que no está solicitando la revisión
de la declaración de inconstitucionalidad antes transcrita
ni del injunction permanente.*

Lo anterior refleja que la práctica aludida, de la cual el
promovente Noriega Rodríguez señala probable conoci-
miento de nuestra parte, o apariencia de ello y sobre la que
descansa la solicitud de recusación, *no está planteada ni en
controversia ante este Tribunal,* puesto que ha sido final-
mente adjudicada en el tribunal de instancia y así lo ha acep-
tado la parte demandada y apelante. La apelación versa
sobre otras controversias.

Aun cuando lo precedente dispone de la moción enten-
demos pertinente exponer la historia.

### III

Hace más de catorce años ocupé el cargo de Secretario de
Estado de Puerto Rico durante los primeros dos años (1973 y
1974) de la primera incumbencia del Hon. Rafael Hernández
Colón como Gobernador del Estado Libre Asociado de
Puerto Rico. Durante esos dos años, en diversas ocasiones y
cortos períodos de tiempo, fungí interinamente de Goberna-
dor por razón de viajes del incumbente que lo llevaron a au-
sentarse temporalmente del país. Para el período que ejercí
el cargo, el asunto a que se refiere este caso no era de la
competencia del Secretario de Estado. No tengo recuerdo
alguno de que el mismo fuere traído a mi atención ni como
Secretario de Estado ni como Gobernador Interino. Nunca
he desempeñado posición alguna en el Departamento de Jus-
ticia ni en los cuerpos de seguridad del país. El conocimiento
que tengo de este asunto se limita, como el de cualquier otro

juez, a la información publicada y comunicada al país y a la que surge de las constancias de los autos del caso. El conocimiento que pueda haber indicado tener el Hon. Rafael Hernández Colón sobre este asunto *como Secretario de Justicia y como Gobernador* ciertamente no lo tenía ni lo tiene este Juez. Tampoco he ocupado posición alguna en la Rama Ejecutiva durante la segunda incumbencia del Gobernador, Hon. Rafael Hernandez Colón.

Ante lo anterior y confrontado el cuerpo doctrinal atinente a las causas de inhibición, no encontramos en este caso causa para inhibición. Estoy en total libertad, ánimo y disposición de juzgar los asuntos planteados con imparcialidad, ecuanimidad y objetividad.

Ahora bien, como hemos indicado, la práctica que pudiera haber existido hace catorce años, cuya inconstitucionalidad ahora determinó el tribunal a quo, y de la cual se alega probabilidad o apariencia razonable de conocimiento o participación por parte de este Juez, no está ante la consideración de este Tribunal. *Apariencia no es sinónimo de espejismo.*

Alegar apariencia razonable de parcialidad en las circunstancias antes indicadas es a mi juicio un atropello a la lógica. Es un razonamiento falaz cuya conclusión no se deriva lógicamente de las premisas. Tal falacia es de la misma naturaleza de la que sirvió de base a la práctica atacada por el promovente y la cual fue adjudicada inconstitucional. Se trata de lo que en lógica se denomina "falsa causa". Esto es, a cosas que van unidas se les adscribe relación causal por el mero hecho de que van acompañadas una de la otra. Es este tipo de razonamiento el que en muchas ocasiones constituye fuente de supersticiones populares. "[S]e comete esta falacia cuando se confunde la concomitancia o la sucesión con la relación de causalidad: *cum* hoc, ergo *propter* hoc, o bien, *post* hoc, ergo *propter* hoc, o incluso la concomitancia y la identidad: *cum* hoc, ergo *ipsum* hoc." J.M. Lázaro, *El Pensar Ló-*

*gico*, Río Piedras, Ed. Universitaria, 1969, pág. 258. Nos dice Lázaro que "[l]a acusación de culpabilidad por asociación es también ejemplo de esta falacia". Íd.

La insustancialidad del planteamiento hace innecesario mayor análisis. Al no plantearse en la *Moción sobre recusación* causa alguna de inhibición, denegamos la misma.

*Publíquese.*